## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DEREK MOUNTZ,

    Petitioner,

    v.                                                                    Civil Action No.:  PX-23-2596

C. CARTER, *Warden*,

    Respondent.

## MEMORANDUM OPINION

Petitioner Derek Mountz, an inmate at Federal Correctional Institution-Cumberland ("FCI-Cumberland"), has filed this Petition for habeas corpus pursuant to 28 U.S.C. § 2241.  Mountz challenges the Bureau of Prison ("BOP")'s application of the First Step Act ("FSA") to his sentence.  Respondent, the Warden for FCI-Cumberland, moves to dismiss the Petition or alternatively for summary judgment to be granted in his favor.  ECF No. 4.  Mountz opposes the motion (ECF No. 8) and moves for Leave to Take Discovery pursuant to Federal Rule of Civil Procedure 56(d) and for Joinder of Attorney General, Merrick Garland.  ECF Nos. 9 & 10.  The Court has reviewed the pleadings and finds no hearing necessary.  *See* Local Rule 105.6 (D. Md. 2023).  For the following reasons, Respondent's motion shall be granted.  All other motions, save for Mountz' motion for extension of time at ECF No. 6, will be denied as moot.

### I.      Background

Mountz is serving a 105-month prison term for conspiracy to distribute and possession with intent to distribute methamphetamine and heroin.  *See United States v. Mountz*, Crim. Case 3:CR-17-005-02 (M.D. Pa. 2017).  His current release date is April 12, 2026.  ECF No. 4-1 at 3, ¶ 5.  Mountz petitions this Court to review the Bureau of Prisons ("BOP") process for awarding credit toward early release under the First Step Act of 2018, P.L. 115-391, § 102(b)(1), 132 Stat 5194,

5210 (Dec. 21, 2018), as amended in 18 U.S.C. § 3621.  ECF No. 1 at 6.  Mountz specifically contends that the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs, or "PATTERN," fails to implement the "clear intent" of Congress.  ECF No. 1-1 at 1.  He challenges the BOP's current assessment process as violating the FSA, P.L. 115-391, 132 Stat 5194 (Dec. 21, 2018) and the Second Chance Act ("SCA") Pub. L. 110-199, 122 Stat. 657 (2008).

Placing Mountz' argument in context requires a brief review of the applicable statutes and implementing regulations.  The FSA allows inmates to earn early release credits for participation in certain programming.  *See Torok v. Beard*, No. CV-PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); *Llufrio v. Johns*, Civil Action No. 5:19-cv-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h).  The BOP implements the PATTERN to identify each inmate's needs and risk profile related to possible recidivism.  An inmate may be eligible to participate in need-specific programming to earn credit toward early placement in pre-release custody.  *See The First Step Act of 2018: Risk and Needs Assessment System—UPDATE*, Jan. 2020, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited Aug. 9, 2024).  But the inmate cannot have such credit applied toward early release until he serves a certain portion of his sentence and attains either a low or minimum risk level on the PATTERN.  *See* Bureau of Prisons, *Program Statement 5410.01 CN-2, First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, Mar. 10, 2023, available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 9, 2024) (hereafter "*Program Statement 5410.01 CN-2*").

## II.     Standard of Review

Respondent moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for summary judgment in its favor under Rule 56.  Given the posture of Mountz'

dispute with the BOP, and that he has yet to formally challenge his PATTERN score per applicable BOP Program Statements, the Court will treat the motion as one to dismiss for failure to state a claim.

When reviewing a motion to dismiss, the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III.     Analysis

Mountz avers generally that the "PATTERN system is flawed" and its application must be reviewed for "fairness, accuracy and consistency" because the structure of the system "does not allow an offender's score to change enough to reduce the risk level by more than one level." ECF No. 1-1 at 2. Particular to his circumstances, Mountz complains that even though he has continually participated in programming and remains "disciplinary-free," he still is ineligible for application of the credits because he has a medium PATTERN score. Mountz asks the Court to "compel" the BOP to reduce his recidivism risk level because has "made a good faith attempt to have a risk level lower." ECF No. 1 at 8.

It is undisputed that Mountz continues to earn credits toward early release but that such credits will not be *applied* to his release date unless and until his PATTERN score is reduced to low or minimum risk. ECF No. 4-1 at 3, 15. He offers no real argument against the plain prohibition of applying such credit to pre-release or supervised release while he is at a medium PATTERN score. *See* 18 U.S.C. § 3624(g); 28 C.F.R. § 523.44. Nor does he articulate a legally cognizable challenge to the PATTERN system itself, apart from averring its general unfairness. Accordingly, as a matter of law, Mountz advances no grounds for this Court to grant relief he seeks. *See, e.g.*, *Tyler v. Beard*, No. PX-21-3163, 2022, WL 3213608, at *1 (D. Md. Aug. 9, 2022) ("[Petitioner] does not dispute that he currently holds a high-risk recidivism level on PATTERN, and so he is ineligible to receive time credits under the FSA.").

Moreover, Mountz does not appear to have challenged his PATTERN score during his most recent program review. As articulated in BOP Program Statement 5410.01, an inmate may petition the warden for review of such determination by "submitting a BP-A0148, Inmate Request to Staff, during [his] regularly scheduled Program Review." Program Statement 5410.01, First

Step Act Of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(D)(4), at 16.  *See also* ECF No. 1-2 at 1.  Accordingly, Mountz is free to challenge the PATTERN score at future BOP program reviews; and should he wish to pursue a more targeted cause of action related to his denial of early release, he must exhaust these administrative remedies before filing suit.  *Cf. Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (4th Cir. 2001) (§ 2241 challenge to reduction of good conduct credit subject to exhaustion requirements).

### IV.  Conclusion

Based on the foregoing, Defendant's motion to dismiss the Complaint is GRANTED. Mountz' motion for extension of time at ECF No. 6 is GRANTED and all other motions are DENIED as moot.

A separate Order follows.

| | |
|---|---|
| 8/13/24 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |